IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACE MULLIGAN LLC SERIES C, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1547-K-BN |
| | § | |
| STEVEN CREAR, SR., ET AL., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendant Steven Crear, Sr., proceeding *pro se*, removed to federal court a quiet title proceeding filed against him and other defendants in a Dallas County, Texas state court, asserting that there is subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction, the Court should *sua sponte* remand this lawsuit to the state court from which it was removed.

### Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the Court's jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

And the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). And, so, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up; citing 28 U.S.C. § 1447(c))

**Analysis**

I.  Crear has not shown there is Section 1331 federal question jurisdiction.

Crear's primary basis for removal is that "Plaintiff's claims implicate federal questions arising under the Constitution and laws of the United States, specifically alleged violations of the defendant's constitutional rights, property rights, civil rights, and due process rights." *See* Dkt. No. 3 at 2.

Under 28 U.S.C. § 1331, federal question jurisdiction "exists when a well-pleaded complaint establishes either that federal law creates the cause of action or

that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (cleaned up).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

And those allegations must be present at the time of removal. *Cf. Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

But Crear has not shown that a claim that Ace Mulligan asserted in the underlying state-law quiet title suit provides a basis for federal question jurisdiction under the Constitution or any statutes cited or otherwise.

Rather, a review of the state court pleadings makes clear that this is a quiet title and partition action governed by Texas state law. *See, e.g.*, Dkt. No. 4-2; Dkt. No. 4-5 at 296-302.

Crear's assertion of federal question jurisdiction appears instead to invoke alleged defenses or counterclaims that have been or could be alleged in the lawsuit based on purported violations of his rights. *See* Dkt. No. 3 at 2; *see also id.* at 3-4 (reasserting claims of violation of "constitutional rights, property rights, civil rights, and due process rights and asserting "Steven Crear Sr is also elderly and disabled

which could lead the plaintiff's and 192nd Court's actions as financial and elder abuse along with ADA violations").

But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *see also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (cleaned up).

There is therefore "generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

Crear has not shown that the allegations in a well-pleaded complaint established that federal jurisdiction existed at the time of removal.

And that requires the Court to *sua sponte* remand this case to state court under 28 U.S.C. § 1447(c) – which "declares that, where subject matter jurisdiction is

lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original).

    II.    <u>Crear has not shown there is Section 1332 diversity jurisdiction.</u>

Crear also asserts that diversity jurisdiction would apply because one of the defendants, "One Main Financial Services[,] is based out of Indiana." Dkt. No. 3 at 2.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Crear's assertion that one defendant is diverse from the other parties does not meet this standard. And Crear has not properly alleged the citizenship of Ace Mulligan or any of the other entity defendants. *See* 28 U.S.C. § 1332(c)(1) (for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) ("For limited liability companies, § 1332 citizenship is determined by the citizenship of all of its members. To establish diversity jurisdiction in a suit by or against an LLC, a party must specifically allege the citizenship of every member of every LLC." (cleaned up)).

This deficiency is enough to conclude that Crear has not shown Section 1332(a) diversity jurisdiction, such that remand is required. *See* 28 U.S.C. § 1447(c); *Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023).

And, so, the Court is required to *sua sponte* remand this case to state court

under Section 1447(c) – which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League*, 500 U.S. 89 (emphasis in original).

## Recommendation

Because Defendant Steven Crear, Sr., as the party invoking the Court's jurisdiction through removal, has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal or based on diversity jurisdiction, the Court should *sua sponte* remand this action to the Dallas County, Texas state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 23, 2025

                                                      DAVID L. HORAN
                                                      UNITED STATES MAGISTRATE JUDGE